1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                                 DISTRICT OF NEVADA
8                                        * * *

9   ANTONIO HERNANDEZ-PAZ and MARIA )
    RODRIGUEZ,                      )
10                                  )        3:12-cv-0058-LRH-WGC
                Plaintiffs,         )
11                                  )
      v.                            )        ORDER
12                                  )
    SIERRA PACIFIC MORTGAGE         )
13  COMPANY; et al.,                )
                                    )
14              Defendants.         )
                                    )
15

16       Before the court is defendants' various motions to dismiss. Doc. ##5, 13, 17.[1] Plaintiffs

17 Antonio Hernandez-Paz and Maria Rodriguez (collectively "plaintiffs") did not file an opposition.

18 Also before the court are defendants' motion to dissolve the temporary restraining order entered in

19 this action (Doc. #28) and motion for sanctions (Doc. #29).

20       In August 2008, plaintiffs purchased real property through a mortgage note and deed of trust.

21 Plaintiffs defaulted on the property and defendants initiated non-judicial foreclosure proceedings.

22 Subsequently, plaintiffs filed a complaint against defendants. Doc. #1, Exhibit A. Thereafter,

23 defendants filed the present motions to dismiss to which plaintiffs did not respond. Doc. ##5, 13,

24 17.

25

26
    ---
    [1] Refers to the court's docket number.

1       While the failure of an opposing party to file points and authorities in response to any
2 motion shall constitute a consent to the granting of the motion under LR 7-2(d), Nunez's failure to
3 file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46
4 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several
5 factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to
6 manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring
7 disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

8       Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of
9 cases on the court's docket is strong. Defendants have an interest in resolving this matter in a timely
10 manner. Further, there is a lack of prejudice to plaintiffs because they have shown an unwillingness
11 to continue litigating their complaint which weighs in favor of granting the motion. Additionally,
12 although public policy favors a resolution on the merits, the court finds that dismissal is warranted
13 in light of these other considerations. Therefore, the court shall grant defendants' motions to dismiss
14 and dismiss plaintiffs' complaint in its entirety.

15       Because the court is dismissing plaintiffs' complaint, the court shall likewise grant
16 defendants' motion to dissolve the temporary restraining order entered in this action. However, the
17 court declines to exercise its discretion in entering sanctions in this matter because the court finds
18 that the filing of plaintiffs' complaint was not objectively unreasonable.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1       IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##5, 13, 17) are

2 GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

3       IT IS FURTHER ORDERED that defendants' motion to dissolve the temporary restraining

4 order (Doc. #28) is GRANTED. The temporary restraining order enjoining defendants (Doc. #18) is

5 DISSOLVED.

6       IT IS FURTHER ORDERED that defendants' motion for sanctions (Doc. #29) is DENIED.

7       IT IS SO ORDERED.

8       DATED this 17th day of May, 2012.

_____

LARRY R. HICKS

UNITED STATES DISTRICT JUDGE